May it please the court, John Webster appearing for the appellant, Dave Morgan, as well as myself in the separate sanctions appeal. This case originates from a decision by this court that dismissed my original appeal on behalf of Mr. Morgan back in 2004. When the court dismissed the original appeal that I had filed that arose from the district court's stay, self-imposed stay of our federal lawsuit, the court returned the dismissal saying we declined to hold that the whole case has now become moot. The dismissal of the county's state court action without prejudice does not preclude it from continuing to press its contract claim and does not meet the stringent mootness standards regarding the case itself. And the court relied on Prince of the Earth v. Laid Law Environmental. The court continued and said also the controversy that Morgan has with the county and the sheriff is not yet resolved. As a consequence thereto, the county filed an actual dismissal with prejudice. They requested that I dismiss Mr. Morgan's lawsuit, and I declined. And the basis for that is my reading and the plain language reading of 29 CFR 531.35. And that section says that no employer shall or that section requires every employer to pay free and clear and unconditionally. What I'd like to point to the court is that the contract, the alleged contract that the county averse is really nothing. As the court, as I've tried to mention in the appellate brief, public employees hold their positions pursuant to the civil service codes. If the county had not filed a lawsuit in state court, what case law supports your argument that Morgan could have filed this action? Well, quite frankly, there is nothing in this jurisdiction of which I'm aware that directly interprets 531.35 in terms of federal standing. However, there is the case of I believe it's pronounced Heater v. City of Two Rivers, which is a Seventh Circuit case. And that case basically said you cannot take back wages under 531.35. It then unfortunately went on to discuss how under Wisconsin law it would be acceptable to, for an employer to take back money, so long as it doesn't, well, it would be appropriate for the employer to take back money for alleged costs of training. But if this court were to follow the Heater analysis, I think what precludes the same finding here is in California we have California Labor Code 2802, which requires employers to pay the costs of those costs arising in the context of the employment relationship. Certainly training is one of those anticipated costs. What is your argument, then, that this is contrary to public policy? What are we, the contract was contrary to public policy? Well, first of all, there is no. I'm not sure where we're going. Okay. First of all, I believe that the plain language of 531.35 should be read to assert that no employer can charge the costs of training onto the employee where that charge drops the minimum wage or deprives the employee of time and a half in any work week. Well, if this lawsuit were allowed to go on, what, other than possible attorney fees, what could your client gain? Oh, directly, liquidated damages. Because the way 531.35 reads is that until the employee is paid fully, free and clear and unconditionally, he is not paid. It is not considered paid. Was he unable to spend the money that he received? I'm sorry? Was he unable to spend the money he received? He was paid. He went out and presumably spent some. But didn't his story say this money is not good, it's not free and clear? No, it is not free and clear. And it was not deducted directly from his paycheck? No. And it was never deducted? He never paid any of it back, did he? No, but he had to bank. He had to bank. He had to bank that money. In other words, he couldn't freeze. Was there an order requiring him to hold that in an escrow account someplace? No, there was not. And he wasn't precluded in any way whatsoever from using that money? Yes, because that money had to be banked to preserve the repayment. Was there any order requiring him to bank the money? Do we know that he actually did bank the money as opposed to spend it? No. No, but that is what is required of an employee, and that's what is a violation of 531.35. Well, what this looks like is you didn't get attorney's fees in state court, which we can't, you know, neither here nor there. What this looks like is trying to get those attorney fees that you didn't get there. But that then takes me to the sanctions. Where in, you know, what is your best argument about why you should not, you know, what's deficient in the record regarding the sanctions? Well, I believe it's the plain language of 531.35. Also, you've got to look at the fact that in California, if you apply the header decision, the heater decision, then you cannot deduct, the employer cannot deduct those. No, let me help you on this. On your part of the sanctions, was the judge required to make a finding of subjective bad faith before sanctioning you? I think he was. And why is that? Well, first of all, all I did was file a complaint and then oppose the county's request to dismiss. I did nothing to aggravate or cause additional motions or anything else. I simply said this is the plain language of the law. And this is why we're going forward. We need liquidated damages. We need prejudgment interest. And certainly I would like the court to look at the recovery of attorney's fees. Because, frankly, look at all the other issues. All right, but the state court said that you couldn't get it. So I believe that the judge said something about res judicata there. Yes, but that was only for the reasons of the state. I only asked for attorney's fees under state code. I did not ask for attorney's fees under the FLSA, because I could not meet that burden as I raised in my opening brief. This is not ñ I mean, this is ñ if this case were to be relied on, I think it really, in essence, it would undo seven years of FLSA law, because employees are required to be paid free and clear. In California, it's established under 2802, 221 of the Labor Code. Were you sanctioned? I just ñ I find this sort of ñ I'm sorry, perplexing. I thought the sanctions that were imposed were imposed by the district court. Yes, Your Honor. And they were for pursuing the action in the district court after the state court action had been dismissed and there was nothing left. Yes, Your Honor. So since the state court action, which is what was going to litigate the merits of your position on the ñ with respect to the FLSA, if that's no longer there, if they're no longer contesting your position that you're ñ that you don't have to pay back this money, isn't that right? The county is no longer trying to take the money away from you, is it? No, but it's continuing the practice, and that's what I'm trying to stop is the continuation of the practice. Well, and the court found that you didn't have any standing, that your client did not have any standing to pursue it for other people, correct? Correct. And I believe that that was erroneous because my client, under what I believe to be the fair meaning of the code, is that he has a right to liquidated damages, he has a right to prejudicial interest. That's in the state court? No, that's in the district court. The district court originally stayed the federal action pending the state court outcome, correct? Correct. I believe that I'd like to reserve about a minute of my time if I could. Okay, that's what you have. Thank you. Good morning, and may it please the court, my name is Initial J. Scott Smith, I'm here on behalf of the County of Yolo. I'd like to begin just by stating that I certainly take no solace in accusing a brethren in the law of having so overstepped the bounds of reason in a particular case as to warrant sanctions under Section 1927. Well, let's talk about that because it does trouble me. I'm going to tell you flat out from the standpoint that if you look at this in a karmic sense, the county did not act well in the beginning. The county was wrong as a matter of law in doing what it did to his client, correct? And they pursued that over a period of time. He had to go get a lawyer to do that, and then the first time they tried to dismiss it without prejudice, and when they see the opening with the court of appeal come back and then they dismiss it with prejudice. So obviously he's out a considerable amount of money in order to get the county what it should have done in the first place or what it never should have done in the first place. And then he gets denied attorney's fees, and maybe that was right, maybe that was wrong. But what this seems like is that you're using the 1927 to be a cost recovery like Federal Rule of Civil Procedure 68, and I don't see the county as having particularly clean hands here, and I don't see any finding by the district judge to say that there was subjective bad faith. He might have been wrong, but I see some bad faith on the part of the county, too. To address a couple of points. First of all, we would not concede that what the county did was necessarily in violation of the FLSA, although that would get into substantive issues that are frankly beyond the scope of the appeal. But I would state that, for example, the training costs, that goes to the obtaining of a post certificate. But you dismissed it with prejudice, so it's sort of behind you at this point. Right. And we dismissed it with prejudice, I mean, largely to just. I mean, you litigating that part of it is like allowing him to litigate the attorney's fees in state court. He's bound by what they did there. You dismissed it with prejudice, and so you're wrong. But in terms of the, if you will, clean hands, the effort was to put the dispute to rest, to finally let these parties go their separate ways. And when we look at Section 1927, what we're looking at is an unreasonable and vexatious multiplication of proceedings. We would, other than, you know, I disagree with the court's analysis of the Section 1988 fees, but as I indicated in my brief, I'm not contesting that. Had the plaintiff essentially at that point said, okay, the dispute is put to rest,  Well, but it cost him $18,000 or something, right? That's what he's claiming. And it cost him $18,000 to get the county to admit that it was wrong. He's denied his attorney's fees. Now, I guess, doesn't the judge have to say something? Let's just say I accept the fact that he's wrong, that he can't go forward with that, and you win on all of that. Where is a finding in the record by the district court, or does the district court have to make a finding that is subjective bad faith? Being wrong isn't necessarily bad faith or vexatious behavior. I would agree with that. The finding that the district court, in looking at N. Ray Keegan and some of the other cases, when we use the phrase bad faith or subjective bad faith, what we're talking about is a knowing or reckless, and that is the standard, pursuance of a frivolous claim. Now, in order to be able to make that determination, no attorney is ever going to sit there and admit, gee, I knowingly brought a case that I knew, or I knowingly continued a case that I knew that had no basis to do so. So the district court, in Section 1927, can make a determination based upon the state of the case law, based upon the state of the analysis. I think it takes something, perhaps something more than that. There are cases where you can tell an attorney is simply trying to harass the other party. There's an ulterior motive someplace. But I don't see anything here that suggests that counsel had anything to gain unless his argument prevailed. So is there anything that suggests it was anything other than a view of the law that differed from the view ultimately taken by the district court? Well, no. The answer to that question is no. So if that's the case, if the attorney doesn't have anything else to gain, how can you say there's subjective bad faith, that the individual knew that it was often a futile quest? I mean, most people don't waste their own time for the sake of wasting their own time. Because looking at the standard, that's why I'm getting back to the standard for what is bad faith pursuant to Section 1927. If you knowingly bring a frivolous argument or you bring a non-frivolous argument with the intent to harass, annoy, or your opponent, either one of those is sufficient. So which one is this? This would be the former. This would be the knowingly bringing of. How would he do it if he knew it was a loser? That, I mean, that would require me to crawl into the head of opposing counsel. I can't do that. But it makes a tough inference to defend. I mean, if there's an ulterior motive you can figure out, if the guy's been told in so many words by the court, this claim loses, you can't repeat it to me, there may be a point beyond which you chalk it up to really foolishness. But until you've gotten to the point where you can figure out either an ulterior motive or complete blindness, as long as the argument is in some fashion colorable, I have a hard time figuring out how you can infer subjective bad faith because otherwise people don't waste their time on futile gestures. Well, do you have anything that would help you in the record where the judge said something about subjective bad faith? Because I don't see that either. That's part of the problem because sometimes when you're the trial judge, people can annoy you to the point and there are things that you see and you can articulate, vexatious behavior that might not appear on a cold record if the judge doesn't say it. But I don't hear the judge saying that. And to be frank, there's nothing in the record where the, in part because I don't, looking back, I don't think we ever actually appeared before Judge England that these were all decisions that were made on the basis of paper record. And there was, we never got to the point of discovery order. So yeah, we don't have that type of case where there's continual refusals to abide by discovery orders. So after losing, after he lost in state court and then came back, this was essentially the first appearance back after the loss in state court, right? That would be correct. That seems to sort of dictate against vexatious in the sense that the judge had stayed the federal proceeding pending the conclusion of the state proceeding. The state proceeding concludes, then it's back in federal court for one appearance, and it suddenly transforms into vexatious. Well, except one of the things that the court relied on is the fact that we, that my office had sent plaintiff's counsel, and that is in the record, a letter demanding dismissal in light of the dismissal of the state court action with prejudice. And getting back to Judge Clifton's point, I view this case as one of total blindness from which you can infer vexatiousness to the same extent that, you know, we use the word vexatious in our vexatious litigant statutes without requiring an intent to harass. Well, blindness perhaps to the letter from your office, but most people wait for the judge to decide to figure out that, you know, the court's bound to rule that way. Sure. The wind may be blowing real heavy, but I don't know whether it's appropriate to put a lawyer in a position of abandoning his client's claim because of the risk that the judge will get mad if I show up. I mean, that's a dangerous road to go down. It is, but there, I mean, and there, and this is one of the things that I do believe is left to the discretion of the district judge, is review is on an abuse of discretion status. And I don't want to cut off your question just yet. No, this is what I, what I just would like to get at is just what was it that Judge England was so upset about? I believe it was that the case continued at a point where it was so clear that it should not have continued in light of the dismissal, in light of the lack of a dispute that no longer existed between the parties. So you're saying when this Court said they're still alive because it wasn't dismissed with prejudice, you went over, dismissed it with prejudice. At that point, he should have known that he was dead? Yes. Now, what about the pursuit of other people's claims? There's no indication in the record that would justify allowing the case to proceed forward as a class basis. There was no effort at class certification. There was no indication that there were other potential plaintiffs out there. What did the district court say about that? The district court simply said that he lacked standing to pursue on behalf of absent class members because of the fact that he no longer had a dispute in the, a stake in the outcome. And he was, and that seems to us, especially in light of the cases that are on this point, it is a sufficiently obvious point. I mean, the balance that we have to draw, there is. Was that a basis for the sanction as well? Or was it mainly that he was pursuing attorney's fees or whatever? Sure. Well, no, what the district court said is after the state court case completed, the sum total was, and the district court's order is not lengthy. So what the district court said is the sum total, if you will, of the events, that there was no legally justifiable basis to continue this case. And the inference there is that it was sufficiently obvious. It seems that on some level there's a little, it smacks of a little chutzpah from the standpoint that you dodged the bullet in state court of having to pay his attorney's fees, which, and then you say, well, now pay mine. Well, perhaps, but we wouldn't have had to say that. We wouldn't have had to done that had he just dismissed the case when the dispute came to an end. If he finally did what you said. But if he'd done what you'd said in the first place, he would have paid back the money he didn't have to pay back. Well, that was maybe yes, maybe no. But the point is, is once that substantive dispute ends, once we conclude or come to a conclusion in that, then whatever the debate is among the parties, at that point we have an end point. And then to continue this case, to continue to assume. It seems like it goes back to Judge Clifston's statement that just because another lawyer won't rely on your statement of what the law is and wants to hear it from the judge, that, therefore, that that makes them subjectively acting in subjective bad faith. And I would agree that in many situations where you have a novel issue or something, that certainly just relying on your opposing counsel wouldn't be enough. But, and if I might continue to respond to the question, I know I'm a major. Very briefly, because you're way over time. Yes, thank you. It would be like, you know, suggesting that a, arguing that murder is, has, that there's a constitutional right to murder. I mean, there's some arguments. At some point it becomes so obvious that your argument is without merit. It isn't just a matter of relying upon opposing counsel. We understand.   Real briefly, first of all, this action was brought and maintained in good faith. I would like to invite the court to look at Appendix G, which is the United States Department of Labor Wage and Opinion letter dated 9-30 of 1999. In that letter it said employers cannot take back training costs specifically for police officers. Earlier we relied on Appendix F, which is also a wage and hour claim, a wage and hour letter. Well, the question is not whether it was initially brought in good faith. The question is when the state action is dismissed with prejudice. Yes. Did you continue in good faith? Yes, I did. Or was there subjective bad faith? I have no bad faith, except this court has not spoken on this issue, and it desperately needs to speak on this issue. And one of the things that, in speaking, is we need to address what happens, what kinds of remedies is available to an employee when they are subjected to what is clearly a violation of, at least in my opinion, of federal and state law based on interpretations of the Department of Labor. This contract was not a contract. It was simply a, basically it was like a note. There was, he gained nothing by this quote-unquote contract. It was truly a note. And 531.35 says it's a kickback in cash or other goods, I believe. This is a note that was the, that fell into that second category. And that's all I was arguing. Thank you. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is Crowett v. National Board of Medical Examiners. Thank you.
judges: Schroeder, Clifton, Callahan